UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMARILIS RIGAL CANTILLO,

Plaintiff,

v. CASE NO. 3:26-cv-1900-WWB-SJH

CATHOLIC CHARITIES BUREAU, INC., et al.,

Defendants.
_________________________________/

**ORDER**

On September 15, 2026, the Court entered an Order ("Prior Order") granting Plaintiff's request to proceed *in forma pauperis* and directing Plaintiff to file a proper amended pleading. Doc. 12. With respect to the directive to file a proper amended pleading, the Court explained that Plaintiff's complaint, Doc. 1, even liberally construed, was an impermissible "shotgun" pleading that failed to comply with the Federal Rules of Civil Procedure ("Rule(s)"). Doc. 12 at 2–6. The Prior Order thus directed Plaintiff to file a proper amended pleading and provided detailed instructions for doing so. *Id.* at 2–8.

Plaintiff's amended complaint, Doc. 16, filed on October 19, 2026, still does not comply with the Rules or the instructions in the Prior Order and remains an impermissible shotgun pleading. By way of example, the amended complaint at

minimum falls within the first category[1] of prohibited shotgun pleadings as it "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Brown v. TitleMax of Georgia, Inc.*, No. 23-10345, 2024 WL 3161005, at *2 (11th Cir. June 25, 2024);[2] *Crosby v. Fla.*, No. 3:22-cv-67-MMH-LLL, 2022 WL 195312, at *2 (M.D. Fla. Jan. 21, 2022).

Plaintiff will thus be directed and given one final opportunity to file a proper second amended complaint,[3] if possible. The second amended complaint must comply with the Rules, the instructions in the Prior Order (which are incorporated herein), and the instructions herein. Plaintiff's failure to comply may result in the dismissal of this case without further notice.

Accordingly, it is **ordered** that Plaintiff is **directed** to file a second amended complaint in compliance with this Order and all applicable rules and law by no later than **November 24, 2026**. Failure to timely comply with this Order may result in the dismissal of this case without further notice.

---

[1] The Prior Order explained that shotgun pleadings are strictly prohibited and outlined the four rough categories of prohibited shotgun pleadings. Doc. 12 at 3–4.

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] This Order is not meant to address all potential deficiencies in the amended complaint. And any examples provided herein "are just that—examples. In amending, [Plaintiff] must ensure that [s]he complies with the Federal Rules of Civil Procedure and avoids shotgun pleading pitfalls." *Bright v. Thomas*, No. 8:22-cv-24-CEH-JSS, 2022 WL 1237898, at *6 (M.D. Fla. Apr. 27, 2022).

**DONE AND ORDERED** in Jacksonville, Florida, on November 10, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff