UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMARILIS RIGAL CANTILLO,

Plaintiff,

v. CASE NO. 3:26-cv-1900-WWB-SJH

CATHOLIC CHARITIES BUREAU, INC., et al.,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Notice of Plaintiff's Inability to File a Second Amended Complaint and Request for Appointment of Pro Bono Counsel ("Motion"). Doc. 18. In the Motion, Plaintiff, who is proceeding *pro se*, requests that the Court appoint counsel for her. *Id.*

Preliminarily, the Motion is due to be denied as it fails to include a memorandum of law as required by Local Rule 3.01(b). *See Advanced Med. Grp. of Cent. Fla. LLC v. BTL Indus., Inc.*, No. 6:25-cv-1132-ACC-LHP, 2025 WL 3502551, at *1 (M.D. Fla. Dec. 5, 2025); *see also Yandell v. Christensen*, No. 3:16-cv-1028-J-39MCR, 2017 WL 7371199, at *1 (M.D. Fla. Dec. 13, 2017).

Even if otherwise considered, the Motion does not warrant relief. A plaintiff in a civil case does not have a constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Courts have broad discretion in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1) for an indigent plaintiff, *id.*, or under 42 U.S.C.

§ 2000e-5(f)(1) for a plaintiff who seeks relief under Title VII of the Civil Rights Act of 1964 or under Title I of the Americans with Disabilities Act,[1] *see Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988). Appointment of counsel under either statute is not automatic and, to the contrary, is generally reserved for only "exceptional circumstances." *Bass*, 170 F.3d at 1320; *see also Dominguez v. Lake Como Club,* 520 F. App'x 937, 941–42 (11th Cir. 2013).[2] Courts may consider factors including the type and complexity of the case, whether the plaintiff can adequately investigate and present her case, whether the case will require skill in presenting evidence and in conducting cross-examination, and prior efforts to obtain counsel. *See DeJesus v. Lewis*, 14 F.4th 1182, 1204 (11th Cir. 2021); *Dominguez,* 520 F. App'x at 941–42.[3]

Plaintiff has not shown exceptional circumstances or that appointment of counsel is appropriate at this time.[4] The Court, however, may *sua sponte* reconsider

---

[1] *See* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(f)(1)); *see also Parker v. Esper*, No. 3:19-cv-126-MCR-HTC, 2020 WL 12432023, at *2 (N.D. Fla. Jan. 17, 2020).

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] Courts also consider the merits of claims of discrimination. *See Hunter*, 846 F.2d at 1317; *see also Holloman v. Mayo Clinic*, No. 3:10-cv-1201, 2011 WL 253789, at *1 (M.D. Fla. Jan. 25, 2011).

[4] For example, to the extent discernable, the case does not appear to be unusually complex and appears to be premised on Plaintiff's alleged personal experiences. *See DeJesus*, 14 F.4th at 1204–05; *Dominguez,* 520 F. App'x at 941–42. Moreover, although the Motion includes vague and conclusory references to a disability or other medical limitations that allegedly require "longer than usual" time for Plaintiff to complete tasks such as drafting court documents, Plaintiff does *not* request more time to complete any task and instead insists she

Plaintiff's request if the circumstances of the case change (for example, if the case proceeds to trial).

Finally, on November 10, 2026, the Court entered an Order ("November Order") directing Plaintiff to file a proper second amended complaint in compliance with the Court's instructions and all applicable rules and law by no later than November 24, 2026. Doc. 17. Plaintiff has not complied with the November Order (or requested an extension of time to comply), instead insisting she does not intend to comply without the assistance of counsel. Doc. 18 at 3. The Court will again direct compliance and give Plaintiff one final opportunity to comply with the Court's November Order.

Accordingly, it is **ordered**:

1. The Motion, Doc. 18, is **denied without prejudice**.

2. Plaintiff is again **directed** to comply with the November Order, Doc. 17, by no later than **December 11, 2026**. Plaintiff is again **cautioned** that failure to timely comply may result in the dismissal of this case without further notice.

---

will not file a proper amended pleading, as previously directed, without counsel. Doc. 18 at 2–3. Regardless, considering the totality of the circumstances, the bare references to medical issues in the Motion do not justify appointment of counsel at this time. *See DeJesus*, 14 F.4th at 1204–06; *see also Gorham v. Smiley*, No. 25-12693, 2026 WL 765465, at *3 (11th Cir. Mar. 18, 2026); *Shultz v. Mueller*, No. 6:25-cv-918-LHP, 2025 WL 4686738, at *1 (M.D. Fla. Oct. 23, 2025); *Ensor v. Fitness Int'l, LLC*, No. 6:24-cv-1662-CEM-DCI, 2025 WL 1276859, at *1 (M.D. Fla. Jan. 14, 2025). Additionally, given the early stage of this case and that Plaintiff has yet to file a proper, non-shotgun pleading, it is not practicable to further determine at this time whether the complexity or potential merits of the case support relief. *See, e.g.*, *Aberman v. Volusia Cnty., Fla.*, No. 6:25-cv-1416-WWB-DCI, 2025 WL 2955710, at *1 (M.D. Fla. Sept. 9, 2025); *Ensor*, 2025 WL 1276859, at *1; *Littlejohn v. Kaiser Permanente of Washington*, No. 3:23-cv-6194-TMC, 2024 WL 216544, at *1 (W.D. Wash. Jan. 19, 2024).

**DONE AND ORDERED** in Jacksonville, Florida, on November 25, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff